Jennifer S. Romano (SBN 195953)
jromano@crowell.com
Emily T. Kuwahara (SBN 252411)
ekuwahara@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: 213.622.4750

A. Marisa Chun (SBN 160351)
mchun@crowell.com
Molly A. Jones (SBN 301419)
mojones@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: 415.986.2800

Thomas A. Lorenzen (*pro hac vice* forthcoming)
tlorenzen@crowell.com
Daniel W. Wolff (*pro hac vice* forthcoming)
dwolff@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: 202.624.2500

Charles F. Robinson (SBN 113197)
charles.robinson@ucop.edu
Margaret L. Wu (SBN 184167)
margaret.wu@ucop.edu
Allison M. Woodall (SBN 178533)
allison.woodall@ucop.edu
Sonya U. Sanchez (SBN 247541)
sonya.sanchez@ucop.edu
UNIVERSITY OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL
1111 Franklin Street, 8th Floor
Oakland, CA 94607-5200
Telephone: 510.987.9800

*Attorneys for Non-Party*
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE STATE OF CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; CHAD F. WOLF, in his official capacity as Acting Secretary of the United States Department of Homeland Security; and MATTHEW ALBENCE, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>　　　　Defendants. | Case No. 4:20-cv-04592-JST<br><br>**THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**[Civ. L.R. 3-12(b); Filed Concurrently with Stipulation and [Proposed] Order]**<br><br>Complaint filed: July 9, 2020 |

## I. INTRODUCTION

Pursuant to Civil Local Rules 3-12(b) and 7-11, Non-Party The Regents of the University of California ("The Regents") respectfully request that the Court consider whether the action *The Regents of the University of California v. U.S. Department of Homeland Security et al.*, No. 3:20-cv-04621-JSW (the "University of California Action"), should be related to the instant case, *State of California v. U.S. Department of Homeland Security et al.*, 4:20-cv-04592-JST (the "State of California Action"). A Joint Stipulation and Proposed Order, as well as a copy of the complaint in the University of California Action, is being concurrently filed in support of this Motion.

## II. DISCUSSION

On July 6, 2020, Defendant United States Immigration and Customs Enforcement ("ICE") announced that it was rescinding prior ICE policy with respect to COVID-19 related exemptions to 8 C.F.R. § 214.2(f)(6)(i)(G) and 8 C.F.R. § 214.2(m)(9)(v), which relate to in-person learning requirements for nonimmigrant students who are in this country pursuant to F-1 and M-1 visas, respectively (the "Directive").[1] As a result, if ICE's new policy is implemented, the F-1 and M-1 visa students would no longer be permitted to take a full course of study through online classes in excess of the limits set forth in the above regulations, as previously permitted "for the duration of the [COVID-19] emergency";[2] further, those students already in the country who take an entirely online course load for fall 2020 would be required to leave the United States or, if not presently here, would not be permitted to return to this country for their studies. Moreover, designated school officials must issue, by August 4, 2020, new Forms I-20 with respect to each F-1 and M-1 student attending schools in the United States this Fall 2020, certifying that the school is not operating entirely online, that the student is not taking an entirely online course load for the Fall 2020 semester, and that the student is taking the minimum number of online classes required to

---

[1] *See* "Broadcast Message: COVID-19 and Fall 2020," available at https://www.ice.gov/doclib/sevis/pdf/bcm2007-01.pdf (last visited July 12, 2020).

[2] *See* "COVID-19: Guidance for SEVP [Student and Exchange Visitor Program] Stakeholders," U.S. Immigration and Customs Enforcement, Student and Exchange Visitor Program, dated March 13, 2020, available at https://www.ice.gov/sites/default/files/documents/Document/2020/Coronavirus%20Guidance_3.13.20.pdf (last visited July 12, 2020).

make normal progress in their degree program.

Both the State of California and The Regents, on behalf of California public universities, are challenging the same July 6, 2020 Directive rescinding ICE's prior policy on substantially similar grounds against the same Defendants, in their respective actions. In this district, cases are related when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). The University of California Action and the State of California Action are related under this standard.

*First*, both actions are based on the same events and the same (or similar) legal theories against all of the same defendants. On July 9, 2020, the State filed suit, on behalf of the California Community Colleges and the California State University, alleging that the rescission of the in-person learning exemption for F-1 and M-1 visa students in the July 6 Directive violates the Administrative Procedure Act ("APA"), because (1) the rescission of the March 13 Guidance is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and (2) the rescission of the March 13 Guidance is an agency action subject to notice and comment rulemaking, which Defendants failed to undertake. On July 10, 2020, The Regents filed suit, as the corporation authorized and empowered to administer the University of California and its ten campuses, alleging that the rescission of the in-person learning exemption for F-1 visa students in the July 6 Directive violates the APA on the same or similar grounds.

Both cases name as defendants U.S. Department of Homeland Security ("DHS"), ICE, Acting Secretary of DHS Chad F. Wolf, and Acting Director of ICE Matthew Albence. Plaintiff in the State of California Action challenges the same Directive by bringing suit against the same Defendants. These cases therefore concern substantially the same parties and events.

*Second*, both actions request virtually identical relief. Both cases bring two causes of action under the APA challenging the Directive on the basis that it is arbitrary and capricious (Count I) and violates the APA's requirement of notice and comment rulemaking for proposed substantive rules (Count II). Both cases seek a declaration that the Directive was unlawful and an

injunction preventing Defendants from implementing or enforcing it. Therefore, there is substantial overlap in the claims raised and relief sought in these actions.

Given the same or similar parties, events, and legal issues involved, as well as the similar relief sought in these cases, requiring another Judge of this District to separately consider the issues presented in the University of California Action would create an "unduly burdensome duplication of labor and expense" and would also create the risk of "conflicting results." *See* Civil L.R. 3-12(a). Moreover, counsel for the Defendants also agrees that the University of California Action should be related to the State of California Action, in order to promote judicial economy and to prevent unduly burdensome duplication of labor and expense for all parties involved. Accordingly, a Joint Stipulation by the parties in the University of California Action and a proposed Order accompanies this Motion, pursuant to Civil Local Rule 7-11.

## III. CONCLUSION

For the foregoing reasons, The Regents of the University of California respectfully request that this Court order that its case be related to the State of California Action.

Dated: July 13, 2020

Respectfully submitted,

CROWELL & MORING LLP

By: */s/ Jennifer S. Romano*
    Jennifer S. Romano
    Attorneys for Non-Party
    THE REGENTS OF THE UNIVERSITY OF CALIFORNIA